IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**ANTWAN ARMSTRONG** **PETITIONER**

v. No. 2:06CV133-P-A

**MISSISSIPPI DEPARTMENT**
**OF CORRECTIONS, ET AL.** **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Antwan Armstrong (# 116756) for a writ of *habeas corpus* under 28 U.S.C. § 2254. The petitioner has not appealed his conviction and sentence in state court or initiated state post-conviction proceedings. The court therefore finds that the petitioner has not exhausted state court remedies. "A fundamental prerequisite to federal habeas relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir.), *cert. denied,* 116 S.Ct. 115 (1996) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). The exhaustion rule requires the petitioner to have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). The doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts," and thus "serves to minimize friction between our federal and state systems of justice." *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, 455 U.S. at 518) (citations omitted)). A petitioner's failure to exhaust his claims in state court requires this court to dismiss the instant federal petition. *Graham v. Johnson*, 94 F.3d 958, 968

(5th Cir. 1996) (citing *Rose,* 455 U.S. at 518-19). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 1st day of November, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE